UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN CORY CAMPBELL,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,[1]

    Defendant.

CASE NO. 3:16-cv-05386-JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter comes before the Court on plaintiff's contested

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES, EXPENSES AND
COSTS PURSUANT TO THE EQUAL ACCESS
TO JUSTICE ACT - 1

motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA"). *See* Dkts. 14, 15, 16.

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case. *See* Response, Dkt. 15, p. 2 (citing 28 § U.S.C. 2412(b)).

After considering and reviewing the record, including plaintiff's Motion for Attorney Fees and Costs under EAJA, and the attached time and expense sheet (*see* Dkt. 14, pp. 2-3), as well as the excellent results obtained by plaintiff's counsel, the Court concludes that plaintiff's fee request is reasonable.

Therefore, plaintiff's motion for fees, costs and expenses is granted pursuant to 28 U.S.C. § 1920 and the EAJA in the amount of $7,475.98 ($6,743.80 for the original request, and $732.18 for fees representing 3.8 hours replying to defendant's challenge to the requested fees (at $192.68/hour)) in attorney's fees, $10.68 for expenses and $400 for costs.

BACKGROUND and PROCEDURAL HISTORY

On December 19, 2016 this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 12). The Court found that the ALJ only made a "passing reference to plaintiff's work as 'not comparable to those of an unimpaired individual,'" and hence, "the Court [could not] adequately determine whether the ALJ properly evaluated plaintiff's self-employment at step one" (*see id.*, p.

2). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to this harmful error (*see id*., pp. 12-13).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkt. 14). Defendant contends that the 35 hours requested are unreasonable (Dkt. 15, p. 4). Plaintiff filed a reply (*see* Dkt. 16).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue,* 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied,* 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review

the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the Administration for further consideration (*see* Order on Complaint, Dkt. 12). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant explicitly conceded that the government's position was not substantially justified, and defendant argues that plaintiff's recovery for attorney's fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, Dkt. 14, p. 2).

The Court agrees with defendant's concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the step one evaluation. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra,* 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra,* 461 U.S. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra,* 461 U.S. at 435. Other relevant factors identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial

calculation of hours reasonably expended at a reasonably hourly rate."[2] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e] *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra,* 488 F.2d at 717-19, and *Kerr, supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). However, the Court will discuss these factors to the extent that they are helpful and relevant.

As defendant does not object to plaintiff's request for reimbursement for costs or expenses, and does not object to plaintiff's requested hourly rate for his attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours

---

[2] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

reasonably expended on the litigation." (*see* Dkt. 15, p. 2). *See also Hensley, supra,* 461 U.S. at 433.

Defendant first contends that plaintiff's request for 2.5 hours of time for "preparing file and administrative record," drafting a summons and cover sheet, preparing a certificate of electronic service; and reviewing a briefing schedule and presumed scheduling of deadlines "should not be billed at an attorney rate, regardless of who performs them." Dkt. 15, p. 4 (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (other citation omitted)). Plaintiff replies that his attorney "billed .2 hours each for the tasks of preparing the certificate of electronic service and reviewing the briefing schedule [and that] the time claimed for these tasks cannot be considered unreasonable and defendant does not assert that these tasks were unnecessary." Dkt. 16, p. 2. Plaintiff furthermore contends that the "remaining 2.1 hours allocated to these tasks were divided in .8 hours for drafting the complaint, summons and cover sheet and 1.3 hours for preparing the file and administrative records." *Id*. Plaintiff notes that defendant does not assert that these tasks were unnecessary but instead argues that the time spent is unreasonable. *Id*.

Plaintiff argues "that .8 hours for drafting the complaint, summons and civil cover sheet are reasonable as the complaint requires accurate facts to support jurisdiction." *Id*. Plaintiff contends that the "attorney time spent is reasonable to track down those facts and make sure that the complaint is accurate." *Id*. Finally, plaintiff argues "that the 1.3 hours for preparing the file and administrative records is appropriate in this case," because "this case was procedurally complex, with two administrative hearings (and

resulting opinions), and Appeals Council remand, request by counsel below for the ALJ to recuse himself, a request by counsel below for the case to be transferred to a different ODAR office and allegations by counsel below of ALJ bias." *Id.* at 2-3. Plaintiff contends that all of "these issues required attorney time to sort out in organizing and preparing this case so that an orderly and timely appeal [could] be conducted." *Id.* at 3.

The Court finds plaintiff's argument persuasive and concludes that the amount of time spent on the delineated tasks is reasonable. It is entirely reasonable for plaintiff's attorney to have spent the specified amount of time on these tasks.

Next, defendant contends that plaintiff's "billing is extensive for a routine disability case that did not present novel or complex questions," noting that only one issue was argued in plaintiff's opening brief involving step one of the sequential evaluation process and substantial gainful activity. Dkt. 15, p. 4 (citing Dkt. 9). Defendant contends that this issue "was neither novel nor complex." *Id.*

Plaintiff replies that "this case was not routine." Dkt. 16, p. 3. Plaintiff also argues that the "attorney time was spent in multiple hours of exploring possible ALJ error in the ALJ's refusal to recuse himself (AR. 12-14, 249-50), refusal to transfer the case to a different ODAR office (AR. 115-16, 148, 212-14), possible ALJ bias (AR. 12-14, 249-50), and whether or not the ALJ's refusal to allow witness testimony at the last administrative hearing was error (AR. 122-25)." *Id*. Plaintiff also contends that his attorney "is duty-bound to explore all possible avenues of appeal involving ALJ error [and the] fact that these alternative avenues were ultimately not pursued (based on the undersigned's professional judgment) does not make the attorneys time unreasonable."

The Court not only concludes that plaintiff's argument is persuasive, but also appreciates the professional judgment applied in not pursuing arguments that are not likely to be successful. The Court reviews all arguments presented by the parties, no matter how persuasive, and punishing an attorney for exercising judgment and not arguing positions that are unpersuasive does not serve judicial economy.

On this point, plaintiff furthermore asserts that his attorney "found the issues involved be complex and involved analyzing vocational testimony in light of a complex regulation that involves three tests which requires the ALJ to assess whether or not the work actually performed by the claimant is comparable to that of either unimpaired or impaired individuals," further noting that this "is a novel question for the undersigned and one of first impression." *Id*. Plaintiff's attorney indicates that he "has been in practice for 26 years and never encountered the same," further noting the "dearth of case law on the subject that could provide guidance or explanation as to how the regulation should be interpreted." *Id*. The Court concludes that both of these points are persuasive. The Court also found that the question at issue in this case was novel, as it was the first time this issue was presented to this Court. The Court agrees also regarding the dearth of case law. The Court also notes plaintiff's argument that "the vocational testimony at first glance seemed to provide relevant evidence for the appropriate inquiry, but when analyzed in light of the applicable regulation, seems to be well-intentioned but responding to a different question than asked by the ALJ." *Id*. (citing AR. 426-30). All of plaintiff's arguments on this second contention by defendant are persuasive.

Finally, defendant contends that "plaintiff billed 19.8 hours of time for his opening brief which totaled 6 pages; only three pages of which involved any arguments on the issue presented." Dkt. 15, p. 4 (citing Dkt. 9, pp. 2-5). Defendant argues that plaintiff's "request for 19.8 hours for EAJA fees involving [the] opening brief is unreasonable for a routine disability case such as this one especially considering only three pages of plaintiff's opening brief involved the argument at step one." *Id.*

In reply, plaintiff contends that "defendant confuses conciseness with shortness of time." Dkt. 16, p. 3. Plaintiff argues that the "concise nature of the opening brief is due to a time-consuming process of narrowing the issues and arguments in such a way as to not waste the Court's (or opposing counsel's) time." *Id.* The Court agrees and likewise is aware that writing a concise brief can take more time than writing a long brief, which, by the way, the Court appreciates greatly.

Plaintiff furthermore notes that the Ninth Circuit has "noted that district courts may consider the fact that 'many district courts have noted that 20 to 40 hours as the range most often requested and granted in Social Security cases' in determining the reasonableness of a specific EAJA fee request." *Id.* (citing *Costa v. Commissioner of Social Security Administration*, 690 F.3d 1132, 1136 (9th Cir. 2012)). Plaintiff argues that the number of hours incurred by plaintiff's attorney in this case, at 35, is "not excessive, even for routine case." *Id.* The Court agrees. The Court also finds that the additional 3.8 hours requested by plaintiff for the attorney's time incurred replying to defendant's challenge to the fee petition are reasonable.

Plaintiff's reply is persuasive. The Court notes that there is time incurred regularly by attorneys in the preparation of briefs that is not reflected by an explicit argument in the final draft of the brief. The Court likewise often reviews portions of records and considers issues that are not indicated explicitly in the R&Rs or Orders issued by the Court.

Defendant presents her argument in the context of the *Johnson* factors, suggesting that they support the reductions of fees. *See* Dkt. 15, p. 3. The Court will briefly discuss the *Johnson* factors.

Regarding time, labor and the experience of the attorney, the first and ninth factors referenced regarding determining the amount of reasonable attorney's fees in *Johnson,* 488 F.2d at 717-19, *see supra*, n.2, and adopted by the Ninth Circuit in *Kerr*, plaintiff was represented by Todd R. Renda, Esq., ("counselor Renda"), an attorney experienced in Social Security matters. Counselor Renda indicated that time expended on this case included, among other things, multiple communications with plaintiff; reviewing the administration's decision, the administrative record, defendant's Answer and responsive brief; preparing the complaint; researching case law and federal regulations; drafting the opening brief and reply brief; reviewing notices and other case management tasks; reviewing the Order and judgment; and, drafting the petition for costs and fees (*see* plaintiff's Motion, Dkt. 14, pp. 2-3).

Regarding the novelty and difficulty of the questions involved and the skill required in order to perform the legal service properly, the second and third factors considered in *Johnson* and *Kerr*, *see also supra*, n.2, this case involved knowledge of

social security disability law as well as knowledge of the administrative appeal process before the Social Security Administration. *See Johnson, supra*, 488 F.2d at 717-19; *see also Kerr, supra*, 526 F.2d at 69-70. Therefore, specialized knowledge and skill were required for the prosecution of this matter and plaintiff's counsel has the requisite experience and knowledge and is deserving of the full EAJA hourly rate.

The fourth factor considered in *Johnson,* 488 F.2d at 717-19, *see supra*, n.2, and adopted by the Ninth Circuit in *Kerr*, is the preclusion of other employment by the attorney due to acceptance of the case. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*, 526 F.2d at 69-70. Although plaintiff's counsel could not work on other cases while working on this matter, the extent to which plaintiff's attorney was precluded from other work does not appear to be any greater in this particular matter than occurs with the acceptance of any case.

Regarding the customary fee and awards in similar cases, the fifth and twelfth *Johnson* and *Kerr* factors, the requested fee is not outside the range of the amount of attorney's fees generally awarded in cases of this type. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*, 526 F.2d at 69-70. In addition, defendant has not challenged the hourly rate requested by plaintiff, which complies with the EAJA, of $192.68 (*see* Dkt. 14, p. 3). The rate is reasonable, given the skill and expertise of counselor Renda.

Regarding whether the fee is fixed or contingent, and the time limitations imposed by the client or the circumstances, the sixth and seventh *Johnson* and *Kerr* factors, these factors here do not have much relevance to the determination of whether or not the

requested fee is reasonable. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*, 526 F.2d at 69-70.

Regarding the eighth factor of the amount involved and the results obtained, plaintiff here obtained excellent results and, hence, as noted previously, should obtain a fully compensatory fee. *See Hensley, supra*, 461 U.S. at 435.

Regarding the tenth and eleventh factors, this case does not appear to have been either desirable or undesirable, and the nature and length of the professional relationship with the client also does not appear to be relevant to the determination of whether or not the requested fee is reasonable.

Having considered the relevant factors from *Johnson* and *Kerr, see supra*, n.2, and having reviewed the relevant record, including the attorney declaration and the time itemization submitted by plaintiff's counsel in this matter, and having considered defendant's arguments, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter and plaintiff's requested fee award are reasonable. *See Hensley, supra,* 461 U.S. at 435. As plaintiff's attorney "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* Therefore, plaintiff's motion should be granted.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $10.68, for costs in the amount of $400.00, and for attorney's fees in the amount of $7,475.98, representing 38.8 hours of work (35 hours receiving reversal, 3.8 hours replying to defendant's challenge to fees).

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES, EXPENSES AND
COSTS PURSUANT TO THE EQUAL ACCESS
TO JUSTICE ACT - 13

## CONCLUSION

Plaintiff's request for $400.00 in costs is granted pursuant to 28 U.S.C. § 1920.

Plaintiff's request for $10.68 in expenses is granted pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

Plaintiff's motion for attorney's fees pursuant to EAJA in the amount of $7,475.98, representing 38.8 hours of work, is granted, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. The check for EAJA fees and expenses, as well as the check for costs, shall be mailed to plaintiff's counsel at Todd Renda, Esq., 6314 19th St. West, Suite 21, Tacoma, WA 98466-6233.

Dated this 19th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES, EXPENSES AND
COSTS PURSUANT TO THE EQUAL ACCESS
TO JUSTICE ACT - 14